UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES V. CASTRO<br><br>　　　　PLAINTIFF,<br>V.<br><br>ANEED AHMED and HC EXPRESS, INC.<br><br>　　　　DEFENDANTS. | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO.: |

## COMPLAINT

AND NOW COMES the Plaintiff, JAMES V. CASTRO ("Plaintiff"), by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendants, ANEED AHMED and HC EXPRESS, INC., (collectively "Defendants"), as in support thereof avers follows:

## PARTIES

1.　Plaintiff, James V. Castro, is a competent adult individual who resides at 7950 Etiwanda Avenue, Apartment 25104, Rancho Cucamongo, California. Plaintiff a citizen of the State of California.

2.　Defendant, HC Express, Inc. ("HC Express") (USDOT# 3135082) is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 4406 Euclid Avenue; Suite 1A, Rolling Meadows, Illinois 60008. HC Express is a citizen of Illinois.

3. Upon information and belief, Defendant, Aneed Ahmed ("Mr. Amed") is a competent adult individual who resides at 8227 Menard Avenue, Morton Grove, Illinois. HC Express is a citizen of Illinois.

4. At all relevant times hereto, Mr. Ahmed was the agent, servant, workman, and/or employee of HC Express and was acting in the course and scope of his employment.

5. At all relevant times hereto, Mr. Ahmed was operating a tractor trailer owned by HC Express.

6. At all relevant times hereto, HC Express was liable for the actions and/or inaction of Mr. Ahmed as though the actions and/or inactions were performed by the entity itself.

7. At all relevant times, Mr. Amed and HC Express held themselves out as competent, skilled, licensed and registered in accordance with the Federal Motor Carrier Safety Regulations.

8. At all relevant times, the Federal Motor Carrier Safety Regulations ("FMCSR") applied to Defendants.

9. At all relevant times, the Pennsylvania Commercial Driver's License ("CDL") Manual applied to Defendants.

## JURISDICTION AND VENUE

10. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

11. Venue is appropriate under 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

12. The preceding paragraphs are incorporated herein by reference as though fully set forth.

13. On January 18, 2019, at or around 12:16 p.m., Mr. Ahmed operated a commercial motor vehicle in the form of a Tractor Trailer ("Tractor Trailer") owned by HC Express.

14. At all times relevant hereto, Mr. Ahmed was a professional driver.

15. On January 18, 2019, at all times relevant hereto, Mr. Ahmed was operating the aforesaid Tractor Trailer with the knowledge, consent, and permission of Defendant HC Express in furtherance of its business.

16. On January 18, 2019, at all times relevant hereto, Mr. Ahmed was an employee, workman, servant and/or agent of HC Express, acting within the scope and course of his employment and/or agency, and under the direction, control and operating authority of Defendant, HC Express.

17. On January 18, 2019, at approximately 12:16 p.m., Mr. Castro was driving his 2010 Pro Star White Tractor Trailer ("Tractor Trailer") bearing the license plate number XP27916 traveling on I-80 West in Clearfield County, Pennsylvania.

18. At the same date and time, Mr. Ahmed was operating the Tractor Trailer on the same stretch of I-80 West in Clearfield County, Pennsylvania.

19. At this date and time, Mr. Castro was safely traveling east in the right lane, when suddenly and without warning, Mr. Ahmed drove into the rear of Mr. Castro's Tractor Trailer.

20. As a result of this crash caused solely by Defendants' negligence, Mr. Castro sustained the following injuries, including but not limited to, the following:

   a. Traumatic brain injury;

   b. Post-concussion syndrome;

   c. Post-concussion headaches;

   d. Dizziness;

   e. Severe neck pain;

   f. Right cervical radiculopathy;

   g. Disc bulges at C3-4, C4-5, C5-6 and C5-6;

   h. Cervical spine strain;

   i. Right lumbar radiculopathy;

j.  Lumbar disc bulges at L2-3, L3-4, L4-5, and L5-S1;

k.  Lumbar annular fissures at L3-4, L4-5 and L5-S1;

l.  Lumbar spine strain;

m.  Thoracic spine strain;

n.  Thoracic disc bulges at T2-3, T3-4, T4-5, T5-6, T6-7, T8-9;

o.  Anxiety;

p.  Insomnia; and

q.  All other injuries documented in Plaintiff's post-crash medical records.

21.  At all times relevant hereto, Mr. Ahmed operated the aforesaid Tractor Trailer in a reckless, careless, and negligent manner, and exhibited a conscious disregard for the health and safety of the motoring public, when he drove into the rear of Mr. Castro's Tractor Trailer.

22.  At all time relevant hereto, Mr. Ahmed operated aforesaid Tractor Trailer in a reckless, careless, and negligent manner by failing to ensure that the vehicle had an assured clear distance from the vehicle in front of him.

23.  At all times relevant hereto, Mr. Ahmed operated the aforesaid Tractor Trailer in a reckless, carless, and negligent manner by proceeding at a high rate of speed in Plaintiff's lane of traffic for which he was cited in violation of 75 §3310, following too closely.

24. At all relevant times hereto, Mr. Castro acted in a safe, prudent, and reasonable manner and in no way contributed to this crash.

**COUNT 1**
**NEGLIGENCE / RECKLESSNESS**
**JAMES CASTRO v. ANEED AHMED**

25. The preceding paragraphs are incorporated herein by reference as though fully set forth.

26. The negligence, carelessness, and/or recklessness of Defendant Mr. Ahmed, individually and as the agent, servant, worker, and/or employee of HC Express consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his Tractor Trailer;

    b. Failed to obey road signs;

    c. Driving carelessly in violation of the Pennsylvania Motor Vehicle Code;

    d. Failing to pay proper attention while operating his Tractor Trailer on Interstate I-80 West;

    e. Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collisions that occurred;

    f. Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Mr. Castro;

    g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his Tractor Trailer under such control that it could be turned aside upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an unsafe rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his Tractor Trailer in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n. Failing to make necessary and reasonable observations while operating his Tractor Trailer;

o. Violating FMCSA Regulation 383 dealing with required knowledge and skills;

p. Consciously choosing to drive at an unsafe speed;

q. Consciously refusing to decrease speed in response to traffic patterns then and there existing on the roadway;

r. Consciously choosing to disregard traffic patterns then and there existing on the roadway;

s. Violating both the written and unwritten policies, rules, guidelines and regulations of HC Express;

t. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

u. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    v.    Acting with a conscious disregard for the rights and safety of Mr. Castro; and

    w.    Failing to act upon and remedy violations of FMCSA regulation 383.

27.    As a direct result of the negligence of Defendant, as described herein, Plaintiff, James V. Castro has suffered and will continue to suffer substantial economic and non-economic injuries, damages and losses.

28.    The economic and non-economic injuries, damages and losses suffered by James V. Castro, were caused solely and exclusively by the negligence of Defendants and their agents, servants and employees, as described herein, and were not caused or contributed to by any act or failure to act on the part of James V. Castro.

29.    At all relevant times, Mr. Castro acted in a careful, cautious, reasonable, and prudent manner.

30.    The tragic collision that caused Mr. Castro's injuries was due in no part to an act or failure to act on the part of the Mr. Castro.

**WHEREFORE**, Plaintiff, James V. Castro, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District

Court for the Western District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## JAMES V. CASTRO v. HC EXPRESS, INC.
## AS BEING VICARIOUSLY LIABLE FOR BRETT AHMED

31. The preceding paragraphs are incorporated by reference as though fully set forth herein.

32. The negligence, carelessness, and/or recklessness of Defendant HC Express, as being vicariously liable for the action of Mr. Ahmed consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his Tractor Trailer;

    b. Failing to obey road signs;

    c. Driving carelessly in violation of Pennsylvania State Law

    d. Failing to pay proper attention while operating his Tractor Trailer on I-80 West;

    e. Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collisions that occurred;

    f. Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Mr. Castro;

    g. Failing to exercise due care and caution under all of the existing circumstances;

Case 3:19-cv-00075-KRG   Document 1   Filed 05/13/19   Page 10 of 18

h.  Failing to have his Tractor Trailer under such control that it could be turned aside upon the appearance of danger;

i.  Failing to remain alert;

j.  Traveling at an unsafe rate of speed under the circumstances;

k.  Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l.  Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

m.  Failing to properly control his Tractor Trailer in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n.  Failing to make necessary and reasonable observations while operating his Tractor Trailer;

o.  Violating FMCSA Regulation 383 dealing with required knowledge and skills;

p.  Consciously choosing to drive at an unsafe speed

q.  Consciously refusing to decrease speed in response to traffic patterns then and there existing on the roadway;

r.  Consciously choosing to disregard traffic patterns then and there existing on the roadway;

s.  Violating both the written and unwritten policies, rules, guidelines and regulations of the HC Express;

t.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    u.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    v.    Acting with a conscious disregard for the health and safety of Mr. Castro; and

    w.    Failing to act upon and remedy violations of FMCSA regulation 383.

33. As a result of the above-stated acts and omissions, Mr. Castro was injured.

34. As a direct result of the negligence of Defendant and their agents, servants, and/or employees, as described herein, Plaintiff, James V. Castro, has suffered and will continue to suffer substantial economic and non-economic injuries, damages and losses.

35. The economic and non-economic injuries, damages and losses suffered by the James V. Castro were caused solely and exclusively by the negligence of Defendants and their agents, servants and employees, as described herein, and were not caused or contributed to by any act or failure to act on the part of James. V. Castro.

**WHEREFORE**, Plaintiff, James V. Castro, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Western District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## JAMES V. CASTRO V. HC EXPRESS, INC

36. The preceding paragraphs are incorporated herein by reference as though fully set forth.

37. Defendant HC Express had an obligation and duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

38. Mr. Castro was injured as a result Mr. Ahmed's unsafe driving.

39. The negligence, carelessness, and/or recklessness of Defendant HC Express, individually and through its various employees, servants, agents and/or workers including Mr. Ahmed, consisted of the following:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Mr. Ahmed;

    b. Failing to train and/or properly train Mr. Ahmed prior to allowing him to operate its Tractor Trailer;

    c. Hiring and/or continuing to employ Mr. Ahmed despite the fact that he had a propensity for driving violations;

d. Hiring and/or continuing to employ Mr. Ahmed despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

e. Failing to perform alcohol and/or drug tests after the crash;

f. Failing to do preventable analysis as recommended by the FMCSR;

g. Failing to have an appropriate disciplinary policy within the company;

h. Hiring and/or continuing to employ Mr. Ahmed despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

i. Permitting Mr. Ahmed to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

j. Failing to train and/or properly train Mr. Ahmed prior to allowing him to operate its Tractor Trailer;

k. Allowing Mr. Ahmed to operate Tractor Trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l. Failing to adopt appropriate employee manuals and/or training procedures;

m. Failing to enforce both written and unwritten policies of HC Express;

n. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of HC Express;

o. Failing to implement and/or enforce an effective safety system;

p. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

q. Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

r. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

t. Failing to monitor and/or regulate its drivers' actions;

u. Failing to monitor and/or regulate its drivers' hours;

v. Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

w. Failing to use a third party vendor to audit their drivers' logs, or if they did use a third party vendor, failing to use it appropriately;

x. Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

y. Placing more emphasis on profits than on safety of its drivers and the motor public;

z. Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

aa. Failing to act upon and remedy violations of FMCSA regulation 395;

bb. Failing to act upon and remedy violations of FMCSA regulation 383;

cc. Failing to act upon and remedy known violations of industry standards;

dd. Acting in conscious disregard for the rights and safety of Mr. Castro;

ee. Failing to have appropriate policies and procedures with regard to the hiring of drivers;

ff. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

gg. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

hh. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

ii. Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

jj. Violating all applicable provisions of the FMCSA.

40. As a result of the above-stated acts and omissions, Mr. Castro has suffered injuries as has been previously stated herein.

**WHEREFORE**, Plaintiff, James V. Castro, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Western District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## **COUNT IV**

## NEGLIGENT ENTRUSTMENT
## JAMES V. CASTRO V. HC EXPRESS, INC.

41. The preceding paragraphs are incorporated herein by reference as though fully set forth.

42. Defendant HC Express had a duty to use due care in choosing a careful and competent driver.

43. Defendant HC Express entrusted the Tractor Trailer to Defendant Mr. Ahmed despite the fact that Mr. Ahmed failed to possess the knowledge, skill, experience, available equipment and personal characteristics to operate a Tractor Trailer.

44. Defendant HC Express knew or should have known that Mr. Ahmed failed to possess the knowledge, skill, experience, available equipment and personal characteristics to transport freight and/or goods without creating an unreasonable risk to operate a Tractor Trailer without creating an unreasonable risk of injury to others.

45. Because Defendant HC Express entrusted the Tractor Trailer to an incompetent driver, HC Express is liable for any negligent and/or reckless conduct of Defendant Mr. Ahmed.

46. Defendant HC Express was negligent entrusting the Tractor Trailer to Defendant Mr. Ahmed, when it knew or should have known with the exercise of

reasonable due care that Defendant Mr. Ahmed lacked the necessary skill, judgment, and/or prudence with which to operate the vehicle.

47. Defendant HC Express was negligent and/or reckless in entrusting the Tractor Trailer to Defendant Mr. Ahmed, when it knew or should have known with the exercise of reasonable care that Defendant Mr. Ahmed had a propensity to cause motor vehicle collisions.

48. Defendant HC Express was negligent in entrusting the Tractor Trailer to Defendant Mr. Ahmed, when it knew or should have known with the exercise of reasonable care that Defendant Mr. Ahmed had a propensity to violate the motor vehicle code.

49. At all relevant times, Defendant HC Express had a duty to ensure that it had appropriate hiring practices that put competent drivers behind the wheel.

50. At all relevant times, Defendant HC Express had a duty to ensure that it had appropriate policies in place to ensure that its drivers did not violate FMCSA regulation 383 "required knowledge and skill."

51. Defendant HC Express knew or in the exercise of reasonable care should have known that entrusting the Tractor Trailer to Defendant Mr. Ahmed would likely cause harm to the motoring public such as the harm that was caused on January 18, 2019 to Mr. Castro.

52. Defendant HC Express had a duty to entrust the Tractor Trailer to an attentive and skilled driver.

53. Defendant HC Express failed to ensure that it hired and retained attentive skilled drivers.

54. Defendant HC Express had an obligation / duty to entrust the Tractor Trailer to drivers who operate their vehicles in a safe manner.

55. Mr. Castro was injured as a result of the Defendant's unsafe driving.

56. By entrusting the Tractor Trailer to Defendant Mr. Ahmed, Defendant HC Express acted in conscious disregard to the rights and safety of Mr. Castro.

57. As a result of the above-stated acts and omissions caused by the negligence of Defendant HC Express, Mr. Castro suffered injuries.

**WHEREFORE**, Plaintiff, James V Castro, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Western District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

/s/ Edward J. Ciarimboli, Esquire

By:_____
EDWARD J. CIARIMBOLI, ESQ.
183 Market Street, Suite 200
Kingston, PA  18704
570-714-4878